NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-548

COMMONWEALTH

vs.

GREGORY HILL.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a Superior Court jury trial, the defendant, Gregory Hill, was convicted of assault and battery causing serious bodily injury.  He appeals, arguing that it was an abuse of discretion for a judge (motion judge) to have denied his motion for relief from prejudicial joinder and that a different judge (trial judge) erroneously failed to dismiss, at the outset of trial, a number of charges for which the Commonwealth ultimately presented legally insufficient evidence.  The defendant also argues that the trial judge abused his discretion by admitting in evidence a recording of the victim's 911 call.  We affirm.

Background.  The defendant was indicted on six charges. Five of them arose out of a domestic violence incident between

the defendant and his "on-again/off-again" girlfriend in an apartment on September 23, 2023 (September 23 charges or incident).  The sixth charge related to the following day, September 24, when the defendant punched the same woman through an open car window in a public parking lot, causing her jaw to dislocate or break (September 24 charge or incident).[1]

After all the charges were joined, the defendant moved for relief from prejudicial joinder.  The motion judge denied the motion.

At trial, after the Commonwealth rested, the defendant moved for a required finding of not guilty on the September 23 charges.  He argued that, where there were no other witnesses and no exhibits to support those charges, the victim's testimony alone -- given under a grant of immunity -- was legally insufficient for a conviction.  See G. L. c. 233, § 20I ("No defendant in any criminal proceeding shall be convicted solely on the testimony of, or the evidence produced by, a person granted immunity under the provisions of section twenty E").  The Commonwealth agreed, and the trial judge allowed the motion.  The jury then found the defendant guilty on the sole remaining

_____

[1] The September 23 charges were kidnapping, strangulation, assault by means of a dangerous weapon (handgun), armed assault in a dwelling, and threat to commit a crime.  The September 24 charge was assault and battery causing serious bodily injury, leading to the conviction now on appeal.

charge, which arose from the September 24 incident. The defendant appeals from that conviction.

Discussion. 1. Prejudicial joinder. The defendant argues that it was an abuse of discretion to deny his motion for relief from prejudicial joinder, because the September 23 and September 24 charges were not sufficiently related and because joinder was highly prejudicial. A judge is to join related offenses unless joinder is "not in the best interests of justice." Mass. R. Crim. P. 9 (a) (3), 378 Mass. 859 (1979). Joinder is a matter "committed to the sound discretion of the trial judge." Commonwealth v. Montanez, 410 Mass. 290, 303 (1991). Relevant factors include "[1] the factual similarities between the offenses, [2] whether the offenses were near to each other in time or place, [3] whether the offenses sprang from the same cause or motivation, and [4] whether evidence of each offense would be admissible in the other trial were the charges to be severed" (citations omitted). Commonwealth v. Gray, 465 Mass. 330, 335, cert. denied, 571 U.S. 1014 (2013).

Here, the first three of these factors weighed in favor of joinder. Both incidents involved physical assaults on the same victim, occurring within a twenty-four hour period, while the victim was trying to end her relationship with the defendant. Each incident occurred shortly after the victim laughed at the defendant, which she testified he did not like.

3

The fourth factor -- whether evidence of each offense would be admissible in the other trial were the charges to be severed -- requires us to consider the admissibility of evidence of other bad acts. Such evidence may not be introduced to prove the defendant's "bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose . . . such as to show a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive." Commonwealth v. Helfant, 398 Mass. 214, 224 (1986). In domestic violence cases, the courts have "consistently held that a defendant's prior threats and acts of violence against his [partner] may be admitted for the purpose of showing a defendant's motive and intent and to depict the existence of a hostile relationship between the defendant and the victim" (quotation and citation omitted). Commonwealth v. Linton, 456 Mass. 534, 551 (2010), S.C., 483 Mass. 227 (2019).

Here, evidence of at least some parts of the September 23 incident could have been admitted, in the judge's discretion, as prior bad act evidence in the trial of the September 24 charge. The victim testified that on September 23, she and the defendant argued, she asked him to leave, he told her that if she left him, he would kill her, and he expressed jealousy that she was seeing someone new. The judge could have determined that this evidence showed the violent nature of the relationship and the

4

defendant's hostile motive.[2]  The judge could also have admitted the evidence as relevant to whether the injury the defendant inflicted on the victim's jaw the next day was accidental.[3]

We thus cannot say that none of the evidence of the September 23 incident could have been admitted at the trial of the September 24 charge.  See Commonwealth v. Oberle, 476 Mass. 539, 550-551 (2017) (evidence of February domestic violence incident probative of July charge given similarities and temporal proximity).  For similar reasons, evidence of the September 24 incident -- in which the parties argued, the defendant asked to see the victim's cell phone in order to determine who had been paying her money or receiving payments from her, and the defendant ultimately punched her -- could have been admitted to show the defendant's hostile motives at the

---

[2] Of course, other evidence of the September 23 incident might have been excluded from the trial of the September 24 charge as unduly prejudicial -- for example, that the defendant choked the victim, prevented her from leaving a room for forty minutes or more, and pointed a gun at her and pulled the trigger.

[3] Although the defendant did not raise an accident defense, the Commonwealth was still required to prove (as the judge instructed here) that he intended to touch the victim, which necessarily makes relevant whether the touching was accidental. Except where the Commonwealth proceeds on a recklessness theory (which was not the case here), assault and battery requires a touching that is intentional, not simply the result of an intentional act.  See Commonwealth v. Moore, 36 Mass. App. Ct. 455, 459 (1994).

time of the September 23 incident.  See Commonwealth v. Roman,
495 Mass. 412, 420-421 (2025) (subsequent bad act evidence
admissible); Commonwealth v. Centeno, 87 Mass. App. Ct. 564,
566-567 (2015) (same).

In sum, the fourth factor cited in Gray -- whether evidence
of each offense would have been admissible at a trial of the
others -- also weighed in favor of joinder.  See Gray, 465 Mass.
at 335.  The judge did not abuse his discretion in denying the
defendant's motion for relief from joinder.

2.  Dismissal at outset of trial.  The defendant argues
that the trial judge should have dismissed the September 23
charges sua sponte at the outset of trial, with the asserted
result that less (or perhaps no) evidence of the September 23
incident would have been admitted in a trial that concerned only
the September 24 charge.  The defendant contends that it should
have been apparent to the judge that the Commonwealth's only
evidence of the September 23 incident was the immunized victim's
testimony, which could not, as a matter of law, suffice to prove
the Commonwealth's case as to those charges.  See G. L. c. 233,
§ 20I.  Because the defendant did not make this argument to the
judge, we review for whether any error created a substantial
risk of a miscarriage of justice.  That question turns on
whether we have "a serious doubt whether the result of the trial
might have been different had the error not been made."

Commonwealth v. LeFave, 430 Mass. 169, 174 (1999).  We have no such doubt.[4]

The Commonwealth's case as to the September 24 incident was very strong, even without the bad act evidence.  It included multiple video recordings depicting an altercation with the defendant in and around the victim's car, a portion of the victim's 911 call immediately after the altercation, video footage from the police officer's body-worn camera when he responded and interacted with the victim, the victim's medical records from her hospitalization, and the defendant's telephone calls with a different girlfriend in which he acknowledged that he punched the victim.[5]

Indeed, the defendant's motion for relief from prejudicial joinder acknowledged that the Commonwealth would offer a "plethora of evidence" on the September 24 charge.  At the hearing on that motion, trial counsel argued that the evidence of the September 24 incident was so strong and "emotionally

_____

[4] Because we conclude that any error in failing to dismiss the September 23 charges at the outset did not create a substantial risk of a miscarriage of justice, we do not reach whether G. L. c. 233, § 20I, gives a trial judge the authority to dismiss charges over the Commonwealth's objection before the evidence has been presented, nor whether any such argument is rendered moot upon the trial judge's granting a required finding of not guilty.

[5] Notably, the defendant did not include in his record appendix any trial exhibits other than the 911 recording.  Our summary of the evidence is taken from the trial transcripts.

7

triggering," and the crime so "egregious and heinous," that it would lead the jury to improperly engage in propensity reasoning to convict him of the September 23 charges as well. Counsel repeatedly described the evidence of the September 24 incident as "overwhelming." Similarly, counsel's opening statement informed the jury that the victim's anticipated testimony that the defendant punched her in the face on September 24 was "truth."

Thus any error in including excessive prior bad act evidence would have had, at most, limited effect. This was not a situation in which the amount of bad act evidence overwhelmed the case. Cf. Commonwealth v. Dwyer, 448 Mass. 122, 128-130 (2006) (excessive evidence of uncharged conduct overwhelmed case). Here, the total evidence of the September 23 incident was limited to approximately fifteen transcript pages of the victim's direct testimony. The remaining twenty-five pages of the victim's direct testimony, and all the exhibits and testimony from the other four witnesses, related to the September 24 charge.

Thus, given the strength of the Commonwealth's case on the September 24 charge, and the relatively limited amount of bad act evidence that might not have been admitted had the September 23 charges been dismissed at the outset, we have no serious doubt whether the result might have been different had those

8

charges been so dismissed.[6]  Any error in failing to do so did not create a substantial risk of a miscarriage of justice.

3.  Victim's 911 call.  The defendant also asserts that the trial judge abused his discretion by allowing in evidence a portion of a recording of the victim's 911 call,[7] which the defendant argues was unduly prejudicial.  Evidence, even if relevant, is not admissible if "its probative value is substantially outweighed by its prejudicial effect."  Commonwealth v. Sylvia, 456 Mass. 182, 192 (2010).  However, "[b]y design, all evidence is meant to be prejudicial; it is only unfair prejudice which must be avoided" (citation omitted).  Commonwealth v. Kindell, 84 Mass. App. Ct. 183, 188 (2013).  Evidence is not rendered inadmissible merely because of "its potential to arouse feelings of sympathy in a jury," Commonwealth v. Mendes, 441 Mass. 459, 467 (2004), but rather

_____

[6] We do not consider the defendant's argument that the judge did not sufficiently instruct the jury on the permissible use of the prior bad act evidence, as the point was raised, in passing, only in the defendant's reply brief.  See Commonwealth v. Keevan, 400 Mass. 557, 562 n.4 (1987).  In addition, whether dismissal of the September 23 charges at the outset of trial would have barred evidence of the September 23 incident from being admitted as prior bad act evidence at the trial of the September 24 charge has not been briefed or argued, and we express no view on the issue.  See Commonwealth v. Dorazio, 472 Mass. 535, 547 (2015).

[7] Only approximately the first minute and fifteen seconds of the call were admitted.  After that point the victim handed the phone to a nearby witness, who communicated the victim's need for emergency medical services.

9

"only if it has an undue tendency to suggest decision on an improper basis" (quotation and citation omitted).  Kindell, supra.  "We review evidentiary rulings for abuse of discretion." Commonwealth v. Denton, 477 Mass. 248, 250 (2017).

Here, the defendant argues not that the recording was irrelevant, but that it was cumulative, its probative value was weak, and it was inflammatory and unfairly prejudicial.  We are unconvinced.

First, the defendant asserts that there was already other evidence that police had responded to a 911 call and that whether the victim was in pain was "never at issue."  This argument misstates the purpose for which the recording was relevant -- it was highly probative of the victim's inability to speak,[8] and therefore of whether the defendant caused serious bodily injury, i.e., "loss or impairment of a bodily function."[9] See G. L. c. 265, § 13A.  Thus, the defendant's argument that the recording was unnecessarily cumulative fails.

---

[8] Perhaps for this reason, the defendant makes no argument that the recording of the call was inadmissible hearsay.

[9] The defendant's argument that there was "no question" about whether the victim was "in pain" overlooks that there were no stipulations to any of the elements of the charge and, accordingly, the Commonwealth was required to prove that the victim sustained a serious bodily injury.  The defendant's subsequent assertion that "the question was who caused [the victim] to be in pain" similarly overlooks the need for the Commonwealth to prove not only assault and battery, but assault and battery causing a serious bodily injury.

10

Further, because the recording was probative of the victim's loss of a bodily function, it went to a central issue in the case. "It has long been held that, in balancing the probative value against the risk of [unfair] prejudice, the fact that evidence goes to a central issue in the case tips the balance in favor of admission." Commonwealth v. Jaime, 433 Mass. 575, 579 (2001).

Additionally, the recording was probative of the victim's credibility, allowing the jury to compare the recording with the victim's testimony that she "just couldn't talk" and that the 911 operator was asking for someone who could talk. While credibility is a relevant issue in any case, see Kindell, 84 Mass. App. Ct. at 188, at least some corroborative evidence was essential here to support the immunized witness's testimony, further supporting the 911 call's probative value.

Finally, although the recording may have aroused feelings of sympathy in the jury, it did not suggest a decision based on "something other than the established propositions in the case" (quotation and citation omitted). Kindell, 84 Mass. App. Ct. at 188. Given the strong probative value of the recording regarding an essential element of the crime, it was within the

11

judge's discretion to conclude that its probative value was not substantially outweighed by any danger of unfair prejudice.

Judgment affirmed.

By the Court (Rubin, Sacks & Smyth, JJ.[10]),

Clerk

Entered:  July 15, 2026.

---

[10] The panelists are listed in order of seniority.